IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| WANDA SCHINDLEY, Ed.D, Ph.D. § | |
| a/k/a DALLAS PUBLISHING § | |
| Plaintiff § | |
| § | |
| V. § | No.  5:05CV208 |
| § | |
| BARRY LITUCHY § | |
| Defendant § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.  The Amended Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration.  Wanda Schindley a/k/a Dallas Publishing ("Plaintiff"), proceeding *pro se*, filed objections to the Amended Report and Recommendation.  The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Plaintiff sued Barry Lituchy ("Defendant"), asserting claims for libel and slander.  Plaintiff alleges Defendant and his agents defamed Plaintiff and her publishing company to Jasenovac death camp survivors, family members of survivors, and members of the Serbian, Jewish, and Roma communities.[1]  Specifically, Plaintiff alleges Defendant maliciously emailed, with broad circulation, regular libelous statements defaming Plaintiff and asserting Plaintiff had committed criminal acts

---

[1] The Jasenovac Concentration Camps were concentration camps in which Yugoslav prisoners were held during World War II and subjected to atrocities perpetuated by Ustashe, the fascist militias run by Croatians collaborating with the Nazis during World War II.  First Amended Complaint in the New York action at pgs. 3-4 (Exhibit C to Defendant's first motion to dismiss).  Romas (Gypsies), Serbs, and Jews were also exterminated in the camps.  *Id.* at pg. 4.

of fraud, forgery, and theft. Plaintiff further alleges the emails injured her reputation by asserting, among other things, that she is a "racist" and perpetrated acts of "sexual blackmail" and "race-baiting."

Defendant filed two motions to dismiss Plaintiff's amended complaint. In his motions, Defendant asserted this Court does not have personal jurisdiction over him; this is an improper venue for the adjudication of this controversy; and there is another action currently pending, which was brought before this suit was commenced. Alternatively, Defendant moved the Court to transfer the case to the United States District Court for the Eastern District of New York where the previously-filed action (the "New York action") is pending.

In an Amended Report and Recommendation dated August 2, 2006, the Magistrate Judge concluded Plaintiff failed to establish a *prima facie* case of general or specific personal jurisdiction over Defendant. The Magistrate Judge recommended Defendant's motions to dismiss be granted and that Plaintiff's claims against Defendant be dismissed without prejudice.

Plaintiff objects to the Magistrate Judge's conclusion that Defendant does not have sufficient contacts with Texas. Specifically, Plaintiff states Defendant has sufficient contacts with Texas in that he did business with Plaintiff, a Texas resident, by selling her a video series and soliciting her involvement in Jasenovac Research Institute and for fundraising activities in Texas. In the event the Court refuses to exercise jurisdiction over her libel case, Plaintiff requests the Court transfer venue to the United States District court for the Eastern District of New York.

The Court agrees with the Amended Report and Recommendation and finds Plaintiff has failed to establish a *prima facie* case of general or specific personal jurisdiction over Defendant. The Court also declines to transfer the case to the Eastern District of New York. The Court notes that

its ruling on personal jurisdiction does not address the merits of Plaintiff's allegations against Defendant, and, as a result, the claims against Defendant are dismissed without prejudice.  Rule 41(b) of the Federal Rules of Civil Procedure "specifically exempts dismissals for lack of jurisdiction . . . from the presumption that the dismissal is with prejudice."  8 Moore's Federal Practice § 41.50[7][c] (Matthew Bender 3d ed.)(*citing Costello v. United States*, 365 U.S. 265, 285 (1961)(discussing "lack of jurisdiction over the person or subject matter" as examples of dismissals that should be without prejudice pursuant to Rule 41)); FED. R. CIV. P. 41.

Plaintiff's objections are without merit.  The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.  Therefore, the Court hereby adopts the Amended Report of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, it is hereby

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is hereby **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 28th day of August, 2006.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE